Jason Halper
Ryan J. Cooper
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.2500
*Attorneys for Defendant*
*Houlihan's Restaurants, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TED PAULY, on behalf of himself, and all others similarly situated, | **DOCUMENT ELECTRONICALLY FILED** |
| Plaintiff, | |
| v. | Civil Action No. 12-0025 (JBS) (JS) |
| HOULIHAN'S RESTAURANTS, INC., | |
| Defendant. | **Return Date: May 7, 2012** |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS
## MOTION TO DISMISS THE AMENDED COMPLAINT

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND .................................................................................... 2

LEGAL STANDARD ................................................................................................ 4

ARGUMENT .............................................................................................................. 6

    I.    MR. PAULY FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT BECAUSE HE RECEIVED EXACTLY WHAT HE BARGAINED FOR, AND HE HAS NOT IDENTIFIED A SINGLE CONTRACTUAL TERM THAT HOULIHAN'S BREACHED. ............................................................. 6

    II.    MR. PAULY LIKEWISE FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT BECAUSE HE RECEIVED THE ALCOHOLIC DRINKS THAT HE PAID FOR. ................................ 9

    III.    MR. PAULY'S CLAIMS IN THE AMENDED COMPLAINT ALSO FAIL BECAUSE HOULIHAN'S RESTAURANTS, INC. DOES NOT OWN, OPERATE, OR CONTROL THE RESTAURANT, AND DID NOT SELL MR. PAULY ANY DRINKS. ...................................................................................... 10

CONCLUSION ......................................................................................................... 11

## **TABLE OF AUTHORITIES**

**Pages**

**CASES**

*Ashcroft v. Iqbal*,
 556 U.S. 662, 129 S. Ct. 1937 (2009) .................................................................5

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) .........................................................................................4, 5

*DeHart v. US Bank, N.A. ND*,
 811 F. Supp. 2d 1038 (D.N.J. 2011) ................................................................6, 7

*Martino v. EverHome Mortgage*,
 639 F. Supp. 2d 484 (D.N.J. 2009) ......................................................................7

*RNC Systems, Inc. v. Modern Technology Group, Inc.*,
 No. 08-CV-1036 (JBS), 2012 WL 933134 (D.N.J. March 20, 2012) ........... 6, 11

*In re Toshiba Am. HD DVD Marketing and Sales Practices Litig.*,
 No. 08-CV-939 (DRD), 2009 WL 2940081 (D.N.J. Sept. 11, 2009)................ 10

*VRG Corp. v. GKN Realty Corp.*,
 135 N.J. 539 (1994) .......................................................................................9, 11

**RULES**

Fed. R. Civ. P. 12(b)(6) ...........................................................................................1

Fed. R. Civ. P. 8 ...................................................................................................5, 7

Defendant Houlihan's Restaurants, Inc. ("Houlihan's") respectfully submits this brief in support of its motion to dismiss Plaintiff Ted Pauly's amended complaint under Rule 12(b)(6) of the Federal Rule of Civil Procedure.

## INTRODUCTION

Plaintiff Ted Pauly purports to bring a class action based on the unremarkable story of a patron who went to a Houlihan's restaurant in Brick, New Jersey. According to the amended complaint, Mr. Pauly ordered "several" beers and mixed alcoholic drinks at the restaurant, he received the drinks that he ordered, he consumed the drinks, and then he paid his bar tab. Mr. Pauly's experience at the Brick Houlihan's was therefore typical of how patrons order and pay for their drinks every day at thousands of restaurants not only throughout New Jersey, but across the nation. Yet, Mr. Pauly brings this lawsuit and complains that he now thinks the restaurant's drink prices were too high – and that he was supposedly unaware of the restaurant's "steep" drink prices until he received the check. Tellingly, the amended complaint is completely silent as to what Mr. Pauly was actually charged for the alcohol he ordered and consumed. Nor does the amended complaint allege what Mr. Pauly believes a "reasonable" price would have been.

When he initially filed this suit in December 2011, Mr. Pauly alleged that Houlihan's violated the New Jersey Consumer Fraud Act and the New Jersey Truth-in Consumer, Contract, Warranty and Notice Act by not listing the price for

each and every beer, mixed drink, soda, and coffee beverage on its menu. Before Houlihan's responded to the complaint, however, Mr. Pauly evidently thought better of his statutory claims and abandoned them. Thus, Mr. Pauly changed course, and filed an amended complaint that asserts only common law claims against Houlihan's for breach of contract and unjust enrichment. As outlined below, those claims are just as baseless as the original claims. Indeed, Mr. Pauly has failed to identify any provision or term of a contract that Houlihan's breached, and has utterly failed to explain how Houlihan's was unjustly enriched. Mr. Pauly's own allegations confirm that he ordered "several" beers and mixed drinks, that he received exactly what he ordered, that he consumed everything he ordered, that he was presented with an invoice by the restaurant after the drinks were consumed, and that he paid for all the drinks in full. Based on those allegations, Mr. Pauly has failed to state a claim for breach of contract or unjust enrichment as a matter of law. And no amount of discovery will change that.

Mr. Pauly's amended complaint should therefore be dismissed.

## **FACTUAL BACKGROUND**

The following factual summary is based on the allegations in Mr. Pauly's Amended Complaint. *Dkt. #15*. The allegations in the Amended Complaint, except for conclusory and implausible assertions, are assumed to be true solely for purposes of this motion to dismiss.

Plaintiff Ted Pauly is a resident of New Jersey. *Am. Compl.* ¶ 1. In his amended complaint, Mr. Pauly alleges that – at some unidentified date and time – he entered a Houlihan's restaurant in Brick, New Jersey. He further alleges that he ordered and consumed various food and drink items during his visit, including "several beers" and "several mixed drinks." *Id.* ¶¶ 13-14. The menu at the Brick Houlihan's listed the prices for all food items and wine (*Id.* ¶ 7), but did not list prices for soda, beer, mixed drinks, coffee, and other beverages. *Id.* ¶ 9.

According to Mr. Pauly, he first learned of the Brick Houlihan's supposedly "steep" prices for beer and mixed drinks when he was presented with the check after he had consumed the various alcoholic drinks that he ordered. *Id.* ¶¶ 15-16. Although Mr. Pauly claims that he unexpectedly paid "steep" prices for the drinks he ordered, the complaint is silent as to how much Mr. Pauly was actually charged for the "several" beer and mixed alcoholic drinks he ordered. Nor does the complaint explain what Mr. Pauly believes a "reasonable" price for those drinks would have been. Mr. Pauly agreed to, and did, pay the requested amount for his beer and mixed drinks. *Id.* (Counts I & II, Wherefore Clauses); ¶ 35.

Finally, Mr. Pauly claims that other customers at the Brick Houlihan's "were charged lower prices for the same items based upon arbitrary and undisclosed criterion." *Id.* ¶ 17. Mr. Pauly alleges no other facts to support that bald allegation. Indeed, Mr. Pauly does not identify what "items" he is talking

about, when other customers were allegedly charged lower prices for those items, or the basis for his belief that other customers were, in fact, charged lower prices.

Based on these allegations, Mr. Pauly asserts two claims against Houlihan's in the amended complaint, and is attempting to bring this case as a putative class action on behalf of all New Jersey residents that ordered drinks at the Brick Houlihan's. Mr. Pauly's first claim is that Houlihan's was unjustly enriched by the fact that it charged prices and collected monies for beer and mixed drinks that were supposedly higher than a "reasonable good faith price." *Id.* ¶¶ 28-30. Similarly, Mr. Pauly's second claim is that Houlihan's somehow breached a contract by charging Mr. Pauly "more than the good faith reasonable price" for the beers and mixed drinks that he ordered (and agreed to pay for). *Id.* ¶¶ 32-35. As outlined below, both of Mr. Pauly's claims fail as a matter of law.

## LEGAL STANDARD

Although the allegations in a complaint must generally be taken as true on a motion to dismiss, a dismissal is mandated in federal court where the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this "plausibility" standard, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

Accordingly, a plaintiff must provide a "statement of circumstances, occurrences, and events in support of the claim presented" and not just a "bare averment that he wants relief and is entitled to it." *Id.* at 555 n.3.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), the United States Supreme Court confirmed that a claim must be "facially plausible" to survive a motion to dismiss in federal court, meaning that the plaintiff is required to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. Thus, a court is not required to accept "mere conclusory statements" as true; nor is a court required to accept allegations if they are nothing more than "legal conclusions." *Id*. Indeed, Rule 8 of the Federal Rules of Civil Procedure "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1949-50. Rather, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

As explained below, Mr. Pauly's complaint falls well short of meeting this standard, as his skeletal allegations fail to state a viable legal claim.

# ARGUMENT

### I. MR. PAULY FAILS TO STATE A CLAIM FOR BREACH OF CONTRACT BECAUSE HE RECEIVED EXACTLY WHAT HE BARGAINED FOR, AND HE HAS NOT IDENTIFIED A SINGLE CONTRACTUAL TERM THAT HOULIHAN'S BREACHED.

To state a claim for breach of contract under New Jersey law, a plaintiff must establish three elements: (1) the existence of a valid contract, (2) a breach of that contract, and (3) resulting damages to the plaintiff. *See RNC Systems, Inc. v. Modern Technology Group, Inc.*, 08-CV-1036, 2012 WL 933134, *6 (D.N.J. March 20, 2012) (Simandle, C.J.). A party claiming breach of contract has the burden of alleging and, ultimately, proving all elements of his cause of action, including breach and damages. *DeHart v. US Bank, N.A. ND*, 811 F. Supp. 2d 1038, 1047-1048 (D.N.J. 2011) (Simandle, C.J.).

Here, there was no written contract between Mr. Pauly and Houlihan's. According to Mr. Pauly, a contract was nevertheless formed when he ordered various beers and mixed alcoholic drinks that were offered for sale on the restaurant's menu. Mr. Pauly alleges, in conclusory fashion, that because the restaurant's menu did not identify prices for those drinks, the contract between the parties contained an implied term that Mr. Pauly would be charged a "good faith reasonable price for the beverages." *Am. Compl.* ¶ 32. Mr. Pauly further alleges, again in conclusory fashion, that Houlihan's breached that contract by supposedly

charging him "more than the good faith reasonable price" for the drinks. *Id.* ¶ 34. Such allegations do not amount to a breach of contract under New Jersey law.

As a threshold matter, Mr. Pauly's allegations do not meet the required pleading standard under Rule 8 and *Twombley/Iqbal*. Indeed, although Mr. Pauly appears to be complaining that he was overcharged for his beers and mixed drinks, the amended complaint is completely silent as to what Mr. Pauly actually paid for any of his drinks. In fact, the amended complaint does not contain other basic information, such as when Mr. Pauly visited the Brick Houlihan's, what types of specific drinks he ordered, whether there were other people at his table, whether he had ever visited a Houlihan's before, and so on. Nor does the amended complaint identify what Mr. Pauly believed an appropriate price to be for the drinks he ordered and consumed, whether he made his subjective belief about the appropriate price known to Houlihan's, or why his subjective belief is objectively reasonable. The amended complaint therefore contains nothing more than a *post hoc* complaint by a patron who now feels that he overpaid for "several" alcoholic drinks. That does not establish a plausible claim for breach of contract. *See DeHart*, 811 F. Supp. 2d at 1048 (dismissing breach of contract claim where plaintiffs simply alleged that they were overcharged for certain foreclosure fees without pointing to any provision in the contract that limited the fees that the defendants could collect); *see also Martino v. EverHome Mortgage*,

639 F. Supp. 2d 484, 493 (D.N.J. 2009) (dismissing the breach of contract claim that did not allege the specific contractual provision breached).

Further, Mr. Pauly cannot cure his pleading defects. When Houlihan's submitted an invoice to Mr. Pauly with the prices for the drinks he consumed, Mr. Pauly *agreed* to pay Houlihan's drink prices. Indeed, Mr. Pauly admits in the amended complaint that he paid his bar tab in full. *Compl.* ¶ 35. As such, his breach of contract claim fails as a matter of law. The allegations in the amended complaint establish that: (1) Mr. Pauly ordered "several" beers and mixed alcoholic mixed drinks, (2) Houlihan's served those drinks to Mr. Pauly, (3) Mr. Pauly consumed all of the drinks, (4) Mr. Pauly was presented with an invoice for the drinks, and (5) Mr. Pauly agreed to pay the invoice in full. Based on those allegations, there cannot be a breach of contract. Mr. Pauly received exactly what he bargained for, and he agreed to pay – and did pay – the prices charged by Houlihan's. *See* Rest. 2d Contracts § 19 (Conduct as Manifestation of Assent). *Cf. id.* § 282 (an account stated is a manifestation of assent by the debtor and creditor to a stated sum as accurate); *and id.* § 380 (after learning of a misrepresentation, a party releases his right when he manifests an intention to affirm the contract).

In short, the amended complaint is simply devoid of any allegations that Houlihan's breached any provision or term (implied or otherwise) of a contract. Mr. Pauly's breach of contract claim should therefore be dismissed.

## II. MR. PAULY LIKEWISE FAILS TO STATE A CLAIM FOR UNJUST ENRICHMENT BECAUSE HE RECEIVED THE ALCOHOLIC DRINKS THAT HE PAID FOR.

To state a claim for unjust enrichment under New Jersey law, a plaintiff must establish that the "defendant received a benefit and that retention of that benefit without payment would be unjust," and that the plaintiff "expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554 (1994). Therefore, the purpose of the equitable claim of unjust enrichment is to compensate a party who provides a benefit to another party even though the parties did not actually reach a meeting of the minds to form a contract.

Here, however, Mr. Pauly did not provide any services or benefit to Houlihan's. Nor did Mr. Pauly expect any sort of remuneration from Houlihan's. To the contrary, Mr. Pauly was a customer at a Houlihan's restaurant, as he ordered and paid for several beers and mixed alcoholic drinks. And now, because he is evidently dissatisfied with the price that he paid for those drinks, Mr. Pauly wants some unidentified portion of his money back. By definition, that does not constitute a claim for unjust enrichment. Mr. Pauly paid for several beers and mixed alcoholic drinks, and that is exactly what he received (and consumed). As such, under the law, he cannot state a claim for unjust enrichment that is plausible

on its face. *See Slack v. Suburban Propane Partenrs, L.P.*, 10-CV-2548 (JLL), 2010 WL 5392845, *9 (D.N.J. Dec. 22, 2010) (dismissing unjust enrichment claim "[b]ecause Plaintiffs received the propane they paid for."); *In re Toshiba Am. HD DVD Marketing and Sales Practices Litig.*, No. 08-CV-939 (DRD), 2009 WL 2940081, *14 (D.N.J. Sept. 11, 2009) (dismissing unjust enrichment claim where "Plaintiffs paid for HD DVD Players capable of playing HD DVDs and that is exactly what they received."). Mr. Pauly's unjust enrichment claim therefore fails.

### III. MR. PAULY'S CLAIMS IN THE AMENDED COMPLAINT ALSO FAIL BECAUSE HOULIHAN'S RESTAURANTS, INC. DOES NOT OWN, OPERATE, OR CONTROL THE RESTAURANT, AND DID NOT SELL MR. PAULY ANY DRINKS.

Finally, Mr. Pauly's amended complaint fails for another reason: Defendant Houlihan's Restaurants, Inc. did not sell or offer to sell any beer or mixed drinks to Mr. Pauly. Defendant Houlihan's Restaurants, Inc. does not own or operate the Houlihan's restaurant in Brick, New Jersey that Mr. Pauly supposedly visited. *See Declaration of Cynthia Parres* ¶¶ 4, 5. Rather, that restaurant is owned and operated by a Houlihan's franchisee. *Id.* ¶ 6. As a franchisor, Defendant Houlihan's does not control the prices for the items listed on its franchisees' menus; nor does Defendant Houlihan's control whether its franchisees list the prices on the menus. *Id.* ¶ 7.

Mr. Pauly's amended complaint simply assumes that Houlihan's was a party to the transaction at issue. *See, e.g., RNC Systems, Inc.*, 2012 WL 933134 at *6 (breach of contract requires that defendant be a party to a valid contract); *VRG Corp.*, 135 N.J. at 55 (unjust enrichment requires that defendant be a party to the transaction). But as set forth in the accompanying declaration of Cynthia Parres, that assumption is not correct. Accordingly, because Defendant Houlihan's did not sell, offer to sell, or control the sale of the beer and mixed drinks that Mr. Pauly allegedly consumed, it cannot be liable to Mr. Pauly. *Id.* ¶ 8. Mr. Pauly's claims should be dismissed for that independent reason as well.

## CONCLUSION

For the foregoing reasons, Houlihan's respectfully requests that the Court grant Houlihan's motion to dismiss the amended complaint in its entirety.

Respectfully submitted,

Jason Halper
Ryan J. Cooper
**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
973.597.6144 (Phone)
973.597.6145 (Fax)
jhalper@lowenstein.com
*Attorneys for Defendant*
*Houlihan's Restaurants, Inc.*

By: s/ Jason Halper

Dated: April 9, 2012