IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

TED PAULY, on behalf of
himself, and all others
similarly situated,

        Plaintiff,

   v.

HOULIHAN'S RESTAURANTS, INC.,

        Defendant.

HONORABLE JEROME B. SIMANDLE

Civil No. 12-0025 (JBS/JS)

**OPINION**

APPEARANCES:

Sander D. Friedman, Esq.
Wesley Glenn Hanna, Esq.
LAW OFFICE OF SANDER D. FRIEDMAN, LLC
125 North Route 73
West Berlin, NJ 08091
    Counsel for Plaintiff

Douglas Scott Eakely, Esq.
LOWENSTEIN SANDLER PC
65 Livingston Avenue
Roseland, NJ 07068-1791
    Counsel for Defendants

**SIMANDLE**, Chief Judge:

## I. INTRODUCTION

Plaintiff Ted Pauly brought this putative class action for unjust enrichment and breach of contract against Defendant Houlihan's Restaurants, Inc. ("Defendant" or "Houlihan's"). Presently this matter is before the Court on Defendant's motion to dismiss both counts for failure to state a claim under Fed.

R. Civ. P. Rule 12(b)(6).  [Docket Item 17.]  For the reasons

discussed below, the Court finds Plaintiff has sufficiently

stated a breach of contract claim and an unjust enrichment

claim.  Therefore, the court will deny the Defendant's motion to

dismiss.

**II. BACKGROUND**

     At an unspecified time and date, Mr. Pauly visited a

Houlihan's restaurant in Brick, New Jersey.  (Am. Compl. ¶ 13.)

While there, he purchased "several beers ... and several mixed

drinks" offered on the menu.  (Id. ¶ 14.)  The prices for the

beverages Mr. Pauly ordered and consumed were not listed on the

menu.  (Id. ¶¶ 9-10.)  Mr. Pauly did not learn of the Brick

Houlihan's beverage prices until he received a check for these

drinks after he had consumed them. (Id. at ¶ 15) After Pauly

received the check, he proceeded to pay his bill in full.  (Id.

at ¶ 16.)

     Mr. Pauly now claims Defendant's prices exceeded the

reasonable prices for such beverages, and that Defendant engaged

in price discrimination by charging him more than other

customers in the restaurant for the same items.  (Id. at ¶¶ 16,

17, 30.)  As a result, Plaintiff commenced a civil action

against Defendant Houlihan's Restaurant, Inc., in the Superior

Court of New Jersey, Burlington County.  (Notice of Removal at ¶

1.)  Defendant Houlihan's subsequently removed the action to

this Court based on diversity jurisdiction under 28 U.S.C. §
1332(d), as Plaintiff is a citizen of New Jersey and Defendant
is incorporated in Delaware with its principal place of business
in Kansas.  (Id. at ¶ 12.)  Plaintiff subsequently filed an
Amended Complaint pursuant to Fed. R. Civ. P. Rule 15(a)(1)(A),
alleging two causes against Defendant Houlihan's for breach of
contract and unjust enrichment.  Plaintiff also alleged that
this case is appropriate for certification as a class action.
[Docket Item 15.]  In lieu of filing an answer, Defendants filed
the instant motion to dismiss.  [Docket Item 17.]

    Defendant Houlihan's argues that the Plaintiff has failed
to state a claim for breach of contract because he received
exactly what he bargained for, and he has not identified a
single contractual term that Houlihan's breached.  In
particular, Defendant argues that the Plaintiff has failed to
allege what he actually paid for the drinks he ordered and what
he believed to be a good faith reasonable price for these
drinks.  Further, Defendant Houlihan's argues that Pauly
assented to Houlihan's charged price for these drinks when he
paid his bill in full without protest.  Consequently, Defendant
contends that Pauly's Amended Complaint fails to state a claim
for breach of contract.

    Similarly, Houlihan's maintains that Plaintiff also fails
to state a claim for unjust enrichment.  Defendant argues that

Pauly provided no services or benefit to Houlihan's and did not expect any sort of remuneration from Houlihan's because he received the drinks that he paid for.

Finally, Defendant Houlihan's alternatively argues that Plaintiff's claims should be dismissed because Defendant Houlihan's, Inc., is not a proper party to this litigation. Specifically, Houlihan's argues that it is a franchisor and does not own, operate or control the Houlihan's restaurant in Brick, NJ.  Instead, the Brick, NJ Houlihan's is a franchisee which controls its own prices for the items listed on the menu. Defendant argues that it was not a party to any alleged contract or transaction between the Brick, NJ restaurant and the Plaintiff and therefore cannot be sued for breach of contract or unjust enrichment.  Defendant Houlihan's relies on the Declaration of Cynthia Parres, the Vice President and Secretary for Defendant Houlihan's Restaurants, Inc., to support this argument.

In opposition, the Plaintiff argues that he has sufficiently stated claims for breach of contract and unjust enrichment against Defendant Houlihan's.  The Plaintiff contends that he put Defendant on notice of a facially plausible breach of contract claim by alleging Houlihan's failed to disclose beverage prices until after consumption, charged unreasonable prices for those beverages, and engaged in price discrimination.

In addition, Pauly argues that he is entitled to plead unjust enrichment as an alternative claim for relief in the event a valid contract is found not to exist.  Plaintiff argues that he did not waive his right to bring these claims by paying his bill in full because equity would not permit waiver in these circumstances.  Specifically, Plaintiff maintains that he had already consumed the drinks at the time he learned of the excessive prices and New Jersey law imposes criminal penalties against patrons who refuse to pay their bill after consuming food at a restaurant.  See N.J.S.A. 2C:20-8(a).  Consequently, Plaintiff obtains he was not in a position to bargain for a lower price or challenge the bill by refusing to pay.

To the extent Defendant argues it is not a proper party to the litigation, Plaintiff maintains that this argument is not ripe for a motion to dismiss.  Plaintiff argues that he properly pled that Defendant Houlihan's owned, operated and controlled the Brick, NJ Houlihan's restaurant.  Plaintiff points out that the Defendant refutes this allegation by relying on a declaration which is outside the four corners of the pleading.  This is inappropriate for a motion to dismiss, wherein the court is required to take all factual allegations in Plaintiff's complaint as true.  To the extent the Court does consider Defendant's argument, the Plaintiff puts forth evidence of a franchise agreement wherein Defendant Houlihan's requires all

franchisees to strictly comply with certain menu requirements
and retains a percentage of all franchisees' profits.
Consequently, Plaintiff argues there is a factual dispute about
the amount of control Defendant exercised over the Brick, NJ
franchise restaurant and dismissal is not warranted.  In reply,
Defendant Houlihan's reiterated its arguments in support of its
motion to dismiss.[1]

---

[1] After the briefing was complete, Plaintiff submitted a letter
[Docket Item 24] regarding a recently decided case in the
District of New Jersey, Stewart v. Beam Global Spirits & Wine,
Civ. No. 11-5149, 2012 U.S. Dist. LEXIS 90554 (D.N.J. June 29,
2012), wherein the court held that the requirement of "some
direct relationship" between the parties exist in order to bring
an unjust enrichment claim "simply reflects the need to curtail
the reach of this equitable remedy . . . to prevent a finding of
liability where the defendant had absolutely no course of
dealings with, and no other demonstrated connection to, the
plaintiff." Id. At *22.  The Plaintiff argued the Stewart case
supports a finding that Defendant Houlihan's can be held liable
for an unjust enrichment claim because it has a more direct
relationship to the Plaintiff than the defendant in the Stewart
case.  Defendant Houlihan's replied to Plaintiff's supplemental
letter and argued that the Stewart case is inapplicable to the
instant action.  [Docket Item 25.]
     As will be discussed infra, the court finds that the
Plaintiff's complaint sufficiently pleads a direct relationship
between the Defendant and the Plaintiff to support an unjust
enrichment claim.  Defendant's arguments to the contrary rely on
facts outside the pleadings which are beyond the scope of a
motion to dismiss.  Defendant Houlihan's will be permitted to
raise their arguments in the more appropriate format of a
summary judgment motion after discovery is complete.
Consequently, the parties' arguments about the implication of
the Stewart case are premature and will not be decided by the
court at this early stage of the litigation.

## III. DISCUSSION

### A.    Standard of Review

In deciding a defendant's 12(b)(6) motion to dismiss, the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.  Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 565 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff[] [must] provide the 'grounds' of his 'entitle[ment] to relief' [beyond] labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Therefore, after *Iqbal,* when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-211 (citations omitted). The Court will thus look at Plaintiff's two counts to determine what would be required for a plausible case then decide whether the alleged grounds are sufficient to satisfy these requirements.

**B. Analysis**

As an initial matter, the court notes Mr. Pauly has pled two alternative, inconsistent theories of relief, namely unjust enrichment and breach of contract. Consequently, Fed. R. Civ. Pro. 8(d)(2) and (3) are applicable to Mr. Pauly's Amended Complaint.

Rule 8(d)(2) provides,

A party may set out [two] or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.

In addition, Rule 8(d)(3) states, "A party may state as many separate claims or defenses as it has, regardless of

consistency." As a result, Mr. Pauly can plead both breach of contract and unjust enrichment under the Federal Rules of Civil Procedure.

New Jersey law applies to these claims. Under New Jersey law, a plaintiff can "plead alternative theories of recovery, one based upon a valid contract, another based upon quasi-contract 'that does not depend on there being an express contract.'" Goldsmith v. Camden County Surrogate's Office, 408 N.J. Super. 376, 385, 975 A.2d 459, 464 (App. Div. 2009) (quoting Caputo v. Nice-Pak Prods., Inc., 300 N.J. Super. 498, 504, 693 A.2d 494 (App. Div.), certif. denied, 151 N.J. 463, 700 A.2d 876 (1997)). The only limitation is that "a plaintiff may only recover on one or the other theory, [ ] not both." Id. at 463.

The main issues before the court are whether the Defendant is a proper party to this litigation and whether the Plaintiff has sufficiently pled his breach of contract and unjust enrichment claims. The court will address each issue separately below.

    1. Is Defendant Houlihan's, Inc. a proper party?

The Defendant argues it cannot be sued by the Plaintiff because it is a franchisor who exercised no control over its franchisee, the Brick, NJ Houlihan's restaurant, with regard to

menu format and prices.  The court finds this argument premature and inappropriate on a motion to dismiss.

In ruling on a Rule 12(b)(6) motion to dismiss, a district court may not consider matters extraneous to the pleading sought to be dismissed.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  As a general rule, a district court considering a 12(b)(6) motion to dismiss relies on "the complaint, attached exhibits, and matters of public record." Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007); see also In re Burlington Coat Factory, 114 F.3d at 1425 (deciding that the district court, in ruling on a motion to dismiss, should not have considered information from the brief supporting the motion to dismiss).[2]

---

[2] The parties have not asked the court to convert this motion into a motion for summary judgment pursuant to Rule 12(d). Fed. R. Civ. P. 12(d) provides that:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Consequently, the court will not exercise its discretion to convert this motion to one for summary judgment under Rule 56 and will instead analyze it as it was filed – as a motion to dismiss.  Accordingly, Vice President Cynthia Parres's Declaration will be excluded by the court on deciding this motion.

The Defendant's argument that it has no direct relationship to Plaintiff is supported solely by the extraneous declaration of its vice president.  The Defendant's argument completely disregards the allegations in Plaintiff's pleading and seeks to present an issue of fact which is inappropriate on a motion to dismiss.

The Plaintiff's pleading clearly alleges that Defendant "Houlihan's owns, operates, and/or controls the operations of restaurants that sell food and drinks for consumption on the restaurant's premises" and "Houlihan's restaurants use menus created by or on behalf of Houlihan's."  (Am. Compl. ¶¶ 4,6.) This is enough to show that Defendant had a sufficiently direct relationship with Plaintiff to support claims for breach of contract and unjust enrichment.

The court must take all these factual allegations as true on a motion to dismiss.  Therefore, Defendant's arguments to the contrary which rely solely on facts outside the pleadings are without merit in deciding this motion.  The Defendant will be permitted to raise this argument again in a motion for summary judgment at which time the court can properly consider the factual issue presented by Cynthia Parres's Declaration.

For the purposes of this motion, the Plaintiff has sufficiently alleged facts which support a finding that

11

Defendant Houlihan's, Inc., is a proper party to this litigation.

2.   Count II: Breach of Contract

Under New Jersey law, a plaintiff must allege four elements to state a breach of contract claim: (1) a valid contract existed between plaintiff and defendant, (2) defendant breached the contract, (3) plaintiff performed its obligations under the contract, and (4) plaintiff was damaged as a result.   Video Pipeline, Inc. v. Buena Vista Entertainment, Inc., 275 F. Supp. 2d 543, 566 (D.N.J. 2002); Murphy v. Implicito, 392 N.J. Super. 245, 265, 920 A.2d 678, 689 (App. Div. 2007) (holding that in order to establish a breach of contract claim, the parties must have entered into a valid contract, the defendant must have failed to perform his obligations under the contract and the plaintiff must have been damaged as a result).

Mr. Pauly claims that by ordering several beers and mixed drinks offered on the Brick Houlihan's menu, he "manifested assent to pay Defendant a good faith reasonable price for the beverages." Am. Compl. at ¶ 32.  Defendant allegedly breached the contract between Defendant and Mr. Pauly when it presented Mr. Pauly with a check charging him "more than the good faith reasonable price" for the beverages he had consumed.  Id. at ¶ 33-34.  By paying for those drinks, Mr. Pauly claims he was damaged in the amount of the difference between the reasonable

cost of the drinks he consumed and the amount collected by the Brick Houlihan's restaurant.  Id. at ¶ 35.  In his brief, Plaintiff relies on U.C.C. § 2-305 to argue that in the absence of a specific price term, a reasonable price will be implied in the contract.  Thus, the contractual agreement was that Houlihan's would supply the beverage to him at a reasonable price and he would pay the bill.

Defendant argues, however, that Mr. Pauly fails to meet the pleading standards set forth in Fed. R. Civ. P. 8 because the Amended Complaint fails to present essential facts such as what Mr. Pauly actually paid for the drinks, what he believed the "reasonable price" of those drinks to be, whether he communicated that belief to Defendant, and whether his belief as to the "reasonable price" was in fact reasonable.  Id. Defendant further argues that Mr. Pauly manifested his assent to the prices Defendant actually charged for the several beers and mixed drinks, whatever those prices were, when he paid for them. Id. at 8.

Based on the allegations of the complaint, there are sufficient grounds to find that a valid contract was formed between Defendant and Mr. Pauly when Mr. Pauly ordered beverages offered on its menu.  The elements of offer and acceptance are present in the Amended Complaint because Houlihan's offered

13

certain drinks on their menu, the Plaintiff ordered them and the Defendant subsequently delivered these beverages.

The Court agrees with Plaintiff that U.C.C. § 2-305 is relevant.  This provision states, "[t]he parties if they so intend can conclude a contract for sale even though the price is not settled.  In such a case the price is a reasonable price at the time for delivery if (a) nothing is said as to price ...."  U.C.C. 2-305(1).  New Jersey has adopted this provision of the U.C.C. by enacting N.J.S.A. 12A:2-305 which similarly provides that a contract for sale can be concluded even though the price is not settled and in such a case, the price is deemed to be the reasonable price of the product at the time of delivery.  See also Truex v. Ocean Dodge, 219 N.J. Super. 44, 50 (App. Div. 1987).

Specifically, the Amended Complaint alleges that no price was listed on the menu for the alcoholic drinks Plaintiff ordered and the Defendant subsequently fulfilled Plaintiff's order by delivering the beverages.  These are sufficient grounds for a court to find that an agreement between Mr. Pauly and Houlihan's existed and that the Plaintiff agreed to pay a reasonable price of the beverages.

The Amended Complaint next alleges that the Plaintiff was charged for the beverages he consumed in excess of the good faith reasonable price for those drinks.  These allegations

14

could support a finding that Defendant Houlihan's breached the contract between the parties and injured the Plaintiff in the amount of the difference between the reasonable price and the actual price charged.

While the Plaintiff has not alleged specifically what price he paid for the drinks versus what a reasonable good faith price for the drinks would be, the Plaintiff has alleged sufficient facts to put Defendant Houlihan's on notice about the grounds for his claim. That is sufficient to satisfy Rule 8 and presents a plausible basis for relief. No claim of fraud is made, so the heightened pleading standards of a Rule 9(b) do not apply. The parties will have an opportunity to further develop the facts which support Plaintiff's claim in Plaintiff's initial disclosures under Rule 26(a)(1), Fed. R. Civ. P., and in discovery, but at this early stage of the litigation, the Plaintiff has satisfied the pleading requirements in order to survive a motion to dismiss. Whether Plaintiff has admissible evidence of the specific transactions and overpricing can be tested soon upon a motion for summary judgment, presumably prior to certification of any such class.

Finally, the court finds that the Plaintiff did not assent to the overpricing of the beverages simply by paying his bill in full. At the time Plaintiff ordered the drinks, he was not put on notice that the Defendant would charge an unreasonable amount

of money.  The Defendant, according to the Amended Complaint,
did not notify the Plaintiff of its excessive charges until
after the drinks were consumed.  The Plaintiff was then
presented a bill and unable to refuse the delivery or bargain
with the Defendant about the price because he had already
consumed the product.  While it is true that the Plaintiff
received the drinks he ordered, according the Amended Complaint,
the Plaintiff ordered the drinks under the assumption that he
would pay a reasonable price for them.  Consequently, the
Plaintiff did not get the benefit of his bargain when he was
overcharged for his beverages.

In addition, criminal penalties for theft apply when a
patron orders food and fails to pay his bill at a restaurant.
N.J.S.A. 2C:20-8(a) provides that a person is guilty of theft if
he purposely obtains services which he knows are available only
for compensation and then avoids payment for the service.
Furthermore, "[w]here compensation for service is ordinarily
paid immediately upon the rendering of such service, as in the
case of hotels and restaurants, absconding without payment or
offer to pay gives rise to a presumption that the service was
obtained by deception as to intention to pay."  N.J.S.A. 2C:20-
8(a).

Consequently, equitable reasons exist to find that the
Plaintiff did not necessarily waive his right to contest his

16

bill by paying in full at the restaurant after he consumed his
beverages.  It would be unreasonable and inequitable to hold
that a person must risk criminal exposure in order to challenge
a restaurant's policy of omitting prices from their menus and
ultimately charging unreasonable and discriminatory rates for
their food and beverages.

Therefore, the court finds that the Amended Complaint
sufficiently states plausible grounds for relief under a breach
of contract theory.  Defendant's motion to dismiss Plaintiff's
contract claim will be denied.

### 3. Count I: Unjust Enrichment

To state a claim for unjust enrichment, a plaintiff must
allege both that (1) the defendant received a benefit and (2)
retention of that benefit without payment would be unjust.
Iliadis v. Walmart Stores, Inc., 191 N.J. 88, 110, 922 A.2d 710,
723 (2007) (quoting VRG Corp. v. GKN Realty Corp., 135 N.J. 539,
554, 641 A.2d 519, 526 (1994)).  New Jersey courts interpret the
first element "as a requirement that 'the plaintiff allege a
sufficiently direct relationship with defendant to support the
claim.'" Snyder v. Farnam Companies, Inc., 792 F. Supp. 2d 712,
724 (quoting Nelson v. Xacta 3000 Inc., Civ. No. 08-5426, 2009
WL 4119176, at *3, 2009 (D.N.J. Nov. 24, 2009)).  To demonstrate
that a defendant's retention of the benefit would be unjust, a
plaintiff must demonstrate it "expected remuneration from the

defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred." Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 109 (1966).

As discussed above, Plaintiff's unjust enrichment claim is plead as an alternative to Plaintiff's breach of contract claim in the event a contract is found not to exist. Plaintiff's unjust enrichment claim is based on similar grounds as his breach of contract claim and asserts that the Defendant was unjustly enriched when it retained Plaintiff's payment which was in excess of the reasonable good faith price for the beverages he ordered.

The Plaintiff has presented sufficient grounds to proceed with his unjust enrichment claim. The Plaintiff alleges that he conferred a benefit on the Defendant by ordering several beverages from the Defendant while dining. The Plaintiff maintains that if he knew at the time he ordered the drinks he would be billed an excessive price for the beverages he would not have ordered them. Alternatively, Plaintiff also alleges in his complaint that the Defendant charged different patrons different amounts for the same drinks. Plaintiff maintains that if he knew this price discrimination was occurring, he would not have ordered his drinks. Plaintiff then was charged an unreasonably high amount for the drinks he ordered and

ultimately paid this unreasonable amount to the Defendant.  This sufficiently states a claim for unjust enrichment as it would be unjust for the Defendant to retain the benefit of Plaintiff's excess payment.  Further, as discussed *supra* in subsection B.1, the Plaintiff has alleged sufficient facts to support a finding that there was a sufficiently direct relationship between the Plaintiff and Defendant Houlihan's to support a claim for unjust enrichment.

Accordingly, Defendant's motion to dismiss Plaintiff's unjust enrichment claim will be denied.

## IV. CONCLUSION

For the reasons discuss above, the Court will deny Defendant's motion to dismiss for failure to state a claim.  The accompanying order will be entered.


**December 20, 2012**                    **s/ Jerome B. Simandle**
DATE                                     JEROME B. SIMANDLE
                                         Chief U.S. District Judge